IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01365-PSF-CBS

MICROSOFT CORPORATION, a Washington corporation,

    Plaintiff,

v.

MICROCOMP SOLUTION, INC., a Colorado corporation,
CHU H. SON, and
CHU Y. SON,

    Defendants,

and

BRETT WHITING, d/b/a cpunorthwest,

    Cross-Defendant.

**ORDER REGARDING MICROSOFT'S MOTION TO STRIKE
AFFIRMATIVE DEFENSE OF COPYRIGHT MISUSE**

Magistrate Judge Craig B. Shaffer

    THIS MATTER comes before the court on Plaintiff Microsoft Corporation's Motion to Strike Affirmative Defense of Copyright Misuse (Document No. 19), filed on August 24, 2006. The pending motion seeks to strike Defendants' Fifth Affirmative Defense, which alleges that "Microsoft is attempting to use copyright to secure an exclusive right or limited monopoly not granted by the copyright office and contrary to public policy." *See* Defendants' Answer to Complaint, at 5. In moving to strike, Plaintiff argues that Defendants' allegation of copyright misuse is insufficient as a matter of law and "does not share a common nexus with – and cannot

excuse – Defendants' willful infringement of Microsoft's copyrights and trademarks."

Defendants Microcomp Solution, Inc., Chu H. Son and Chu Y. Son filed their Response to Microsoft's Motion to Strike Affirmative Defense on September 12, 2006.  Defendants argue that Plaintiff's motion should be denied because motions to strike generally are disfavored by the courts and because Microsoft is not prejudiced by the affirmative defense at issue.  On October 10, 2006, Defendants filed an Amended Answer to Complaint, in which they elaborated upon their Fifth Affirmative Defense.  According to Defendants,

> Microsoft is attempting to use copyright to secure an exclusive right or limited monopoly not granted by the copyright office and contrary to public policy. Microcomp had valid contracts with Brett Whiting, d/b/a cpunorthwest to purchase authentic Microsoft software from Whiting.  Pursuant to said valid contracts Microcomp purchased authentic Microsoft software from Brett Whiting, s/ba/ cpunorthwest.  Microsoft is misusing its copyrights to assert a claim against Microcomp (and the Defendants Son) for the software that was the subject of the contracts between Microcomp and Brett Whiting, d/b/a cpunorthwest.  To the extent that Microsoft has attempted to misuse its copyrights in a similar manner before, such activity will be the subject of discovery.

*See* Amended Answer to Complaint, at 5.  Defendants have brought a cross-claim against Brett Whiting alleging that he is or may be liable for the claims asserted by Microsoft against Microcomp Solution and the Chus Defendants.

On October 2, 2006, Microsoft filed a Reply in Support of Motion to Strike Affirmative Defense.  Plaintiff filed a Supplement to Motion to Strike Affirmative Defense on October 20, 2006, which argues that the additional allegations presented in Defendants' Amended Answer do not bolster a legally inadequate copyright misuse defense or defeat the pending motion to strike.

On October 30, 2006, Defendants filed a Response to Microsoft's Supplement.  In that Response, Defendants urged this court to adopt the reasoning advanced by Magistrate Judge

Michael J. Watanabe in denying a similar motion to strike filed by Plaintiff Microsoft in *Microsoft v. Computers Plus USA, Inc.*, Civil Action No. 06-cv-01368-PSF-MJW .[1] In particular, Magistrate Judge Watanabe concluded that

> Plaintiff Microsoft Corporation has failed to demonstrate to this court any real prejudice if the subject defense of copyright misuse is permitted to remain. Plaintiff Microsoft Corporation has further failed to demonstrate how, by allowing the defense of copyright misuse to remain in this case, this would substantially impair its ability to prosecute its case. Moreover, the court finds that this issue concerning copyright misuse is interconnected to other disputed issues in this copyright litigation and thus additional expense to conduct discovery would not be substantial since the parties would have to conduct discovery on the interconnected issues anyway.

*See* Order Regarding Plaintiff's Motion to Strike Affirmative Defense (Document No. 27), filed on October 26, 2006, in *Microsoft v. Computers Plus USA, Inc.*, Civil Action No. 06-cv-01368-PSF-MJW.[2]

After carefully considering the parties' briefs, the applicable case law and the entire court file, the court will deny Microsoft's Motion to Strike Affirmative Defense of Copyright Misuse. I am persuaded by Magistrate Judge Watanabe's analysis and will adopt herein the reasoning set forth in his Order of October 26, 2006. The court cautions the parties that nothing in this Order addresses the substance of Defendants' Fifth Affirmative Defense or is meant to preclude Plaintiff from challenging the merits of this affirmative defense at some future point in the litigation.

Accordingly, Plaintiff Microsoft Corporation's Motion to Strike Affirmative Defense of

---

[1] I note that counsel in the instant action also represent the adverse parties in *Microsoft v. Computers Plus USA, Inc.*

[2] On November 8, 2006, Microsoft filed an Objection Pursuant to Rule 72(b) to Magistrate Judge Watanabe's Order denying its motion to strike. Briefing on that objection to the District Court has not been completed.

Copyright Misuse (Document No. 19), filed on August 24, 2006, is DENIED.  Each party will bear their own fees and costs.

Dated this 28th day of November, 2006

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge